UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>BRANDON PELLETIER,   )<br>)<br>Defendant   ) | 2:21-cr-00111-JDL |

## RECOMMENDED DECISION

Through three motions, Defendant, currently serving a federal sentence, asks the Court to intervene in the Bureau of Prisons' classification and housing assignment decisions. (Motions, ECF Nos. 70, 73, 75.) In one of the motions, Defendant seeks to recover money damages and attorney fees. (Motion, ECF No. 73.)

Defendant essentially asks the Court to direct the Bureau of Prisons to alter his classification and housing assignment. To the extent Defendant attempts to assert a constitutional basis for his request for the Court's intervention, "a prisoner has no constitutional right to be incarcerated in a particular prison or to be held in a specific security classification." *Williams v. Lindamood*, 526 Fed. App'x 559, 563 (6th Cir. 2013) (quoting *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005)); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). The Bureau of Prisons and not the sentencing court is responsible for classification determinations and placement decisions, *Tapia v. United States*, 564 U.S. 319, 331 (2011) (noting that, with limited statutory exceptions, BOP has "plenary control" over decisions like the "place of the prisoner's imprisonment" and "treatment programs (if any) in which he may participate"); *United States v. Black*,

No. 2:07-cr-00029-GZS, 2022 WL 1487035, at *2 n.3 (D. Me. May 11, 2022) (noting that courts generally lack the authority to review BOP placement decisions), and "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982).

Defendant also alleges that he is in immediate danger from other inmates at his current facility, which allegation could conceivably be construed as an attempt to initiate a *Bivens* action.[1] The Eighth Amendment prohibition on cruel and unusual punishments governs prisoners' treatment after conviction, and the Due Process Clause of the Fourteenth Amendment impose similar obligations while prisoners are in pre-trial custody. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243 (1983). "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Giroux v. Somerset Cnty.*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted). To establish constitutional liability, a plaintiff must satisfy an objective standard by showing he or she was "incarcerated under conditions posing a substantial risk of serious harm," and a plaintiff must satisfy a subjective standard by showing that the defendant "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834).

---

[1] *See generally*, *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

To the extent Defendant intended to raise such a claim, and even assuming this Court would be a proper venue for his civil rights action, Defendant's allegations are insufficient to satisfy either prong of an Eighth Amendment claim. Plaintiff does not describe any specific credible threats against him and did not identify the individuals, if any, who are allegedly aware of the risk from other inmates yet refuse to take preventative measures. In addition, Defendant's assertion that he has been in protective custody is inconsistent with a deliberate indifference claim.

In sum, if Defendant intended to raise an Eighth Amendment claim, Defendant's allegations in his filings "are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture," and would therefore fail to state a plausible claim of entitlement to relief. *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010). Accordingly, I recommend the Court deny Defendant's motions.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of December, 2023.